UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESTERN SURETY COMPANY | CIVIL ACTION |
| VERSUS | NO. 23-1097 |
| MAGEE EXCAVATION & DEVELOPMENT, LLC, *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure or, alternatively, to join required parties under Rule 19(a) filed by defendants Magee Excavation & Development, LLC, Magee Builders, LLC, Magee Equipment, LLC, and Magee Development, LLC (the "Magee entities"),[1] and joined by individual defendants Skip and Jessica Magee (together with the Magee entities, the "Indemnitors").[2] Plaintiff Western Surety Company ("Western Surety") responds in opposition.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

I.  **BACKGROUND**[4]

This dispute arises out of Western Surety's issuance of performance and payment bonds (alternatively, "project bonds") to Magee Excavation & Development ("Magee Excavation") for public construction projects located in southeastern Louisiana. As part of Western Surety's agreement to issue project bonds to Magee Excavation, the surety required the Indemnitors to

---

[1] R. Doc. 42.
[2] R. Doc. 43.
[3] R. Doc. 55.
[4] A complete recitation of the facts can be found in the Court's May 11, 2023 Order & Reasons. R. Doc. 40.

execute a General Agreement of Indemnity ("GAI") in favor of Western Surety.[5] The GAI obligates the Indemnitors to indemnify Western Surety for any loss or anticipated loss it sustains in connection with the bonds and to deposit collateral security when Western Surety "in its sole discretion ...determines [it] is necessary or expedient to fully protect [Western] Surety from actual or potential liability or Loss."[6] Following the Indemnitors' inability to complete five of the eight public works projects for which Western Surety had issued bonds – and the Indemnitors' failure to respond to Western Surety's demands for collateral security – the surety filed suit against them on March 29, 2023, seeking, *inter alia*, indemnification and an injunction compelling the Indemnitors to comply with the collateral security provision of the GAI.[7]

Western Surety then filed a motion for preliminary injunction to enforce the collateral security provision against the Indemnitors, which the Court granted[8] pending a final determination of the amount of collateral security the Indemnitors should be ordered to deposit.[9] At the evidentiary hearing on the preliminary injunction, the parties made clear that there was no dispute as to: Western Surety's right to demand collateral security, the Indemnitors' obligation to deposit collateral security, and the Indemnitors' failure to deposit collateral security as required by the GAI. Indeed, the parties submitted a joint stipulation of facts for purposes of the evidentiary hearing where they agreed that (1) Magee Excavation failed to complete five of the eight bonded projects, (2) the GAI grants Western Surety the right to demand collateral security to protect it from loss or anticipated loss arising from the project bonds, and (3) the Indemnitors failed to deposit collateral security.[10]

---

[5] R. Docs. 1 at 3; 1-2 at 1-7.
[6] R. Doc. 1-2 at 1.
[7] R. Doc. 1.
[8] R. Doc. 40.
[9] R. Doc. 38. The hearing to determine the amount-of-collateral issue is presently set for June 21, 2023. R. Doc. 50.
[10] R. Doc. 38-1 at 2, 4.

Nevertheless, at the evidentiary hearing and in their opposition to Western Surety's motion for preliminary injunction, the Magee entities insisted that, should the Court grant Western Surety's motion for preliminary injunction and the Indemnitors be ordered to post collateral security, they would be forced to sell assets that are encumbered by security interests senior to those held by Western Security.  Therefore, cautioned the Magee entities, a preliminary injunction would place the Indemnitors in the untenable position of either disregarding a court order or violating the interests of other creditors (who as of then had not been joined to the action) in meeting their obligation to post collateral security.  Counsel for the Magee entities warned at the evidentiary hearing that he would seek to join in this action all of the creditors with security interests in the Indemnitors' assets in an effort to protect their senior-ranking liens.  The instant motion followed.

## II.     PENDING MOTION

In their motion, the Indemnitors argue that Western Surety has failed to join several categories of required parties to the action and, therefore, its complaint should be dismissed for failure to comply with Rule 19(c) of the Federal Rules of Civil Procedure.[11]  Alternatively, the Indemnitors argue that Western Surety should be required to join all of the absent parties pursuant to Rule 19(a) but, should such joinder not be possible, then the complaint should be dismissed according to Rule 19(b).[12]  Particularly, the Indemnitors argue that the owners of the public works projects (the "project owners") – the governmental entities for which Magee Excavation undertook the eight construction projects – are required parties because Western Surety seeks to have Magee Excavation turn over project proceeds that are in the possession of the project owners, and not the

---

[11] R. Doc. 42 at 1.
[12] *Id.*

3

Indemnitors.[13]  Additionally, the Indemnitors assert that any creditor with a superior-ranking security interest in assets that are defined as collateral by the GAI must be joined to the action as well, because Western Surety seeks to compel the Indemnitors to turn over those assets.[14]  In the event that the absent parties cannot be joined, the Indemnitors maintain that the action should be dismissed pursuant to Rule 19(b).[15]

In opposition, Western Surety argues that the Indemnitors have failed to satisfy their burden of demonstrating that the absent parties are required such that their joinder or the dismissal of the action is necessary.[16]  Western Surety asserts that the project owners are not required parties simply because they "control the funds needed to complete the construction projects" that Magee Excavation failed to complete.[17]  As for the creditors, Western Surety asserts that the Indemnitors have only raised the risk of "mere theoretical prejudice to economic interests," and so they have likewise failed to satisfy their burden of demonstrating that those absent parties are required under Rule 19.[18]  In sum, Western Surety argues that because the Court can render complete relief among the existing parties, and because the Indemnitors have failed to demonstrate that the absence of these third parties implicate any of the factors in Rule 19(a)(1)(B), their motion should be denied.[19]

### III.   LAW & ANALYSIS

Rule 12(b)(7) of the Federal Rules of Civil Procedure requires the dismissal of claims when a plaintiff fails to join a required party to the lawsuit pursuant to Rule 19.  "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *Orpheum Prop., Inc. v. Coscina*, 2018 WL 1518471, at *3 (E.D. La. Mar.

---

[13] R. Doc. 42-1 at 3-4, 7.
[14] *Id.* at 5, 8.
[15] *Id.* at 9-12.
[16] R. Doc. 55 at 1-2.
[17] *Id.* at 5.
[18] *Id.* at 7.
[19] *Id.* at 7-16.

28, 2018) (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ("The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder.")). "It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *Id*.

Rule 19 "sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action. First, the court must determine whether the party is necessary to the action under Rule 19(a). If the court determines that the party is necessary, it must then determine whether the party is indispensable to the action under Rule 19(b)." *Orpheum Prop.,* 2018 WL 1518471, at *5; *see also Hood ex rel. Miss. v. City of Memphis,* 570 F.3d 625, 629 (5th Cir. 2009) ("the court must … determine whether [the absent] person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party").

A person is a required party whose joinder is necessary under Rule 19(a)(1) if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). In sum, "[t]here are three types of 'required' parties: (1) parties needed to give complete relief to the existing parties; (2) parties who claim interests which could be practically impaired or impeded if not joined; and (3) parties necessary to ensure that existing

parties are not exposed to multiple or inconsistent obligations." *Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 265-66 (5th Cir. 2022) (citations omitted). The party advocating joinder has the initial burden of demonstrating that an absent party is necessary, but "the burden of disputing this initial appraisal falls on the party who opposes joinder." *See Pulitzer*, 784 F.2d at 1309); *see also Lee*, 47 F.4th at 266 ("The burden of proof starts with the movant, but if at first glance it appears a 'possibly necessary party is absent,' the burden shifts to the nonmovant to dispute that 'initial appraisal' of the facts.") (quoting *Hood*, 570 F.3d at 628).

If joinder is appropriate under Rule 19(a)(1), but such joinder would destroy the court's jurisdiction, the court must determine whether "in equity and good conscience" the lawsuit can proceed without the absent party or should be dismissed. Fed. R. Civ. P. 19(b); *see Pulitzer*, 784 F.2d at 1309 ("[I]f joinder is called for, then Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined."). Rule 19(b) directs that a court consider these factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). No single factor is dispositive. *See Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1325 (Fed. Cir. 2020) (concluding that "the district court abused its discretion by collapsing the multi-factorial Rule 19(b) inquiry into one dispositive fact: UT's status

6

as sovereign"). Resolving whether a party is required under Rule 19(b) is a practical, fact-based inquiry, wherein the various harms that the parties and the absentees might suffer are balanced. *See, e.g., Hood,* 570 F.3d at 628; *Kelly v. Com. Union Ins. Co.*, 709 F.2d 973, 978 (observing that "pragmatic concerns" control the determination whether a party is indispensable). Joining a party under Rule 19(b) may affect a court's subject-matter jurisdiction. If the joinder of a required party under Rule 19(b) destroys a court's diversity subject-matter jurisdiction, a court must decide whether it should dismiss the case pursuant to Rule 12(b)(7).

### A. Whether the absent parties are required under Rule 19(a)(1)(A)

The Court must determine whether the project owners and the unidentified creditors fall into one of the three categories of required parties under Rule 19, beginning with Rule 19(a)(1)(A). The Indemnitors initially bear the burden of demonstrating that the Court "cannot accord complete relief among the existing parties" without the joinder of the project owners and the creditors. To understand whether complete relief can be awarded among the existing parties, the Court first begins with an examination of the relief sought in Western Surety's complaint. *See Cain v. City of New Orleans*, 184 F. Supp. 3d 349, 358 (E.D. La. 2016) ("In making this determination, the Court looks to the relief prayed for by the claimant."). Moreover, "[t]he Court 'does not consider the effect that a judgment may have on absent parties when evaluating complete relief.'" *Id.* (quoting *VFS US LLC v. Vaczilla Trucking, LLC*, 2015 WL 7281619, at *14 (E.D. La. Nov. 16, 2015)). This is because "'[c]omplete relief' as set forth under Rule 19(a)(1)(A) concerns whether a court can afford relief among the parties already present in the litigation." *VFS US LLC*, 2015 WL 7281619, at *14.

Here, each of the Indemnitors executed the GAI with Western Surety as a condition precedent to Western Surety's issuance of performance and payment bonds to Magee

7

Excavation.[20]  The GAI obligates the Indemnitors to indemnify and collateralize Western Surety in the event that the surety incurs loss or anticipated loss as a result of its issuance of the bonds to Magee Excavation.[21]  Western Surety alleges that it has incurred losses (and anticipates additional losses) associated with the bonds it issued to Magee Excavation and that the Indemnitors have failed to comply with the collateral security provision of the GAI.[22]  As a result, the surety brought suit against the Indemnitors, seeking indemnification under the terms of the GAI, enforcement of the the collateral security provision of the GAI, and specific performance of the Indemnitors' obligation to assign their rights in certain collateral to Western Surety as outlined by the GAI.[23] The action, therefore, simply involves a surety's attempt to enforce its contractually bargained-for rights against the persons and entities that agreed to indemnify it in the event of loss.  Thus, notwithstanding the Indemnitors' attempt to convert this litigation into a *de facto* bankruptcy proceeding by attempting to join both the project owners and every creditor with a senior-ranking security interest (relative to Western Surety) in assets owned by any one of the Indemnitors, Western Surety has already joined as defendants all of the persons and entities that could be liable for the relief it is seeking.[24]

On this "initial appraisal," the Indemnitors, as movants, have failed to demonstrate that the Court would be unable to accord complete relief among Western Surety and the Indemnitors without the joinder of the project owners and unspecified creditors.  *Pulitzer*, 784 F.2d at 1309. As for the project owners, the Indemnitors only argue that they are required because they "are in control of the funds available to pay for the completion of the contract and the past due amounts

---

[20] R. Doc. 1-2 at 5-7.
[21] *Id.* at 1.
[22] R. Doc. 1 at 6-14.
[23] *Id.* at 14-17.
[24] Under the GAI, the Indemnitors are jointly and severally liable to Western Surety for the obligations established under the agreement.  R. Doc. 1-2 at 2.

8

that may be owed."[25]  In making this argument, however, the Indemnitors misapprehend entirely the nature of commercial surety relationships.  Magee Excavation failed to complete five of the bonded projects, forcing Western Surety to assume responsibility for the completion of those projects in its capacity as surety.  Necessarily, then, some of the project owners still hold project funds because the projects remain unfinished.  While it is true that Western Surety must now work directly with the project owners because of Magee Excavation's admitted abandonment of five of the bonded projects – including, for example, receiving undisbursed project funds in order to finish the jobs – the project owners have nothing whatsoever to do with the Indemnitors' obligations to Western Surety under the GAI.[26]  *See Cain*, 184 F. Supp. 3d at 358 (holding that movant failed to demonstrate that the absent parties were required under Rule 19(a)(1)(A) "[b]ecause none of the third parties participate[d] in the conduct complained of" by plaintiffs).  Other than counsel's bare assertions that complete relief is impossible in the absence of the project owners, the Indemnitors offer no evidence to support such a conclusion and cite to no legal authority for the proposition that project owners are required parties whenever a surety seeks indemnification or collateralization for losses associated with a bonded project.  Therefore, they have not satisfied their burden of demonstrating that the project owners are required parties under Rule 19(a)(1)(A). *See Woodard v. Woodard Villa, Inc.*, 2016 WL 1298995, at *3 (W.D. La. Mar. 31, 2016) ("Beyond mere speculation and conjecture, [the movant] has not genuinely attempted to establish that complete relief cannot be accorded among the parties.  Without any information or evidence to the contrary, the Court finds that the Plaintiffs can, in fact, obtain complete relief – relief that is neither partial nor hollow.").

---

[25] R. Doc. 42-1 at 7.
[26] This is especially true where, as here, Magee Excavation's involvement has already been formally terminated by the project owners of four of the five projects that the company abandoned.  *See* Preliminary Injunction Exhibits 28; 30; 36; 37.

9

As for the unspecified creditors, the Indemnitors argue that because they "hold security interests in specific equipment, property, project funds, accounts and other property ... that Western Surety seeks to have this Court turn over to it," those creditors are required to be joined.[27] But this argument likewise misses the mark. In determining whether an absent third party is required to be joined under Rule 19(a)(1)(A), a court does not consider the effect that a judgment may have on absent parties when evaluating "complete relief." *Cain*, 184 F. Supp. 3d at 358. Instead, "complete relief" as set forth under Rule 19(a)(1)(A) concerns whether a court can afford relief among the parties already present in the litigation. *VFS US LLC*, 2015 WL 7281619, at *14. Although the Indemnitors argue that they may be forced to liquidate assets encumbered by senior security interests in satisfaction of an adverse judgment in this matter, this argument is only relevant to the Indemnitors' *ability* to pay a future judgment; it has no bearing on the existence and amount of their *obligations* to Western Surety under the GAI, which is the subject of this dispute. As such, the Indemnitors have failed to demonstrate that the creditors are required parties under Rule 19(a)(1)(A).

B.  Whether the absent parties are required under Rule 19(a)(1)(B)

Although the Indemnitors have not demonstrated why the project owners and unspecified creditors are required parties under Rule 19(a)(1)(A), those absent entities could still be characterized as required parties under Rule 19(a)(1)(B). Under Rule 19(a)(1)(B), a non-party would be deemed required if:

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[27] R. Doc. 42-1 at 8.

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Fifth Circuit has explained that, for a non-party to be considered a required party under Rule 19(a)(1)(B), the non-party must assert an interest in the subject of the lawsuit. *See Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 F. App'x 239, 246 (5th Cir. 2020). Thus, when a court is capable of according complete relief among the existing parties, and when an absent party has not asserted an interest in the litigation, it would be error to conclude that such a party is required under Rule 19(a). *Id.* at 246-47 (reversing district court's *sua sponte* dismissal for failure to join required parties where the court could "otherwise afford [plaintiff] relief, and no non-party ha[d] claimed any 'interest relating to the subject of the action'") (quoting Fed. R. Civ. P. 19(a)(1)(B)). Indeed, courts within the Fifth Circuit have routinely denied motions to dismiss for failure to join where the non-parties had not asserted an interest in the action. *See, e.g.*, *Cain*, 184 F. Supp. 3d at 359-60; *Colbert v. First NBC Bank*, 2014 WL 1329834, at *3 (E.D. La. Mar. 31, 2014) ("[T]o be a required party under Rule 19(a)(1)(B) because of an interest in the subject matter of the action, the party must *assert* its own interest.") (emphasis in original); *Woodard*, 2016 WL 1298995, at *4 (holding that an absent party's failure to "seek joinder on its own is indicative of its lack of interest in the subject matter of the suit"); *Canal Ins. Co. v. Xmex Transp., LLC*, 2013 WL 5740223, at *3-4 (W.D. Tex. Oct. 22, 2013).

Here, neither the project owners nor the unidentified creditors presently assert an interest in the subject matter of the action.[28] Thus, on this basis alone, the Indemnitors have failed to demonstrate that the project owners or creditors are required parties under either standard outlined in Rule 19(a)(1)(B). Nevertheless, as for Rule 19(a)(1)(B)(i), even if the non-parties had asserted

---

[28] The one identified secured creditor that has asserted an interest in the matter, First Horizon Bank, has, thus far, successfully intervened in the case. R. Doc. 56.

11

an interest, the Indemnitors provide little more than bare assertions and conjecture regarding the hypothetical prejudice to the project owners and creditors holding senior-ranking security interests that might result should the litigation proceed without them.[29]  This is inadequate, as "'[t]he mere theoretical possibility of prejudice does not require joinder.'"  *Cain*, 184 F. Supp. 3d at 359 (quoting *Colbert*, 2014 WL 1329834, at *4); *see also id.* ("Defendants merely argue on behalf of the absent parties that any potential ruling on the merits in this case will have 'potentially catastrophic impacts on the ... operations of entities not before the Court.'  Defendants' dire prediction, lacking any concrete support, is insufficient to show that these absent parties are necessary to resolve plaintiffs' claims."); *Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988) (observing that "it is obvious that Rule 19 does not contemplate joinder of any party who might possibly be affected by a judgment in any way").  Therefore, the Indemnitors have not shown that the project owners and creditors are required parties under Rule 19(a)(1)(B)(i).

The Indemnitors' assertions regarding Rule 19(a)(1)(B)(ii) are likewise conclusory and inapposite.  They merely argue that "any adjudication without the Project Owners being made parties also will subject [the Indemnitors] to the substantial risk of double or multiple liability as to the claimed interests of the Project Owners, each of which could file separate suits against Magee relative to the amounts paid and payable under the Project Contracts."[30]  But this argument misinterprets the standard enshrined in Rule 19(a)(1)(B)(ii).  As the Fifth Circuit has explained, "it is the threat of *inconsistent* obligations, not the possibility of multiple litigation or a subjective preference for state court, that determines Rule 19 considerations."  *Shelton*, 843 F.2d at 218 (emphasis in original).  Further, the threat must be supported by evidence, and not speculative.  *See Cain*, 184 F. Supp. 3d at 359-60; *United States ex rel. Branch Consultants, L.L.C. v. Allstate*

---

[29] R. Doc. 42-1 at 3-5, 7-8.
[30] *Id.* at 7

*Ins. Co.*, 265 F.R.D. 266, 272 (E.D. La. 2010). Here, the Indemnitors' bare assertion that they will be subjected to "separate suits" from the project owners is plainly insufficient for purposes of Rule 19(a)(1)(B)(ii). *See Woodard*, 2016 WL 1298995, at *4 (holding that the movant's "conclusory argument that it may potentially face multiple litigations fails to carry its burden of demonstrating that the absent shareholders are required parties under Rule 19(a)(1)(B)(ii)"); *see also EEOC v. Brown & Root, Inc.*, 688 F.2d 338, 342 (5th Cir. 1982) (affirming district court's denial of joinder of party where movant "claimed only that it will somehow be left facing inconsistent obligations," which claim the court found to be "groundless"). Therefore, the Indemnitors have also failed to show that the project owners or creditors are required parties under Rule 19(a)(1)(B)(ii).

*   *   *   *

In sum, the Indemnitors have failed to demonstrate that the project owners and creditors are required parties under any of the categories outlined in Rule 19(a). Because joinder of the absent parties is not required under Rule 19(a), the Rule 19(b) inquiry is unnecessary. *See Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990).[31]

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Indemnitors' motion to join required parties or, alternatively, to dismiss (R. Doc. 42) is DENIED.

New Orleans, Louisiana, this 7th day of June, 2023.

BARRY W. ASHE<br>
UNITED STATES DISTRICT JUDGE

---

[31] For the same reason, the Court need not consider the Indemnitors' argument that Western Surety's complaint should be dismissed for failure to comply with the provisions of Rule 19(c).