UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESTERN SURETY COMPANY | CIVIL ACTION |
| VERSUS | NO. 23-1097 |
| MAGEE EXCAVATION & DEVELOPMENT, LLC, *et al.* | SECTION M (2) |

## **ORDER & REASONS**

Before the Court is a motion for summary judgment filed by intervenor First Horizon Bank ("First Horizon").[1] The motion is set for submission on August 24, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance August 16, 2023. Defendants Magee Excavation & Development, LLC ("Magee Excavation"), Magee Equipment, LLC ("Magee Equipment"), Magee Development, LLC ("Magee Development"), Magee Builders, LLC ("Magee Builders"), and Skip C. Magee, who are represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 101.
[2] R. Doc. 101-5.
[3] This matter arises out of Western Surety Company's issuance of performance and payment bonds to Magee Excavation for public construction projects located throughout southeastern Louisiana. On May 24, 2023, First Horizon intervened in the action, alleging that Magee Excavation and Magee Equipment (the "Borrowers") are in default on three separate loans (the "Loans") the bank issued to them. R. Doc. 56 at 3. Additionally, they allege that Magee Equipment, Magee Builders, and Skip Magee (the "Guarantors") are each in default on the guaranty agreements they executed to secure the Loans. *Id.* at 10-11. In counts one through four of its complaint-in-intervention, First Horizon asserts claims for breach of the loan and guarantee agreements against the Borrowers and Guarantors, *id.* at 15-18, and now moves for partial summary judgment on those counts. R. Doc. 101. In its motion, First Horizon argues that summary judgment is proper because (1) it has produced the promissory notes and guaranty agreements establishing the indebtedness of the Borrowers and Guarantors, and (2) the Borrowers and Guarantors "have not disputed their signatures" on the respective documents. R. Doc. 101-1 at 10 & n.41. Regarding the first loan, First Horizon provides a signed promissory note executed between it and the Borrowers in the amount of $3,150,000. R. Doc. 101-2 at 10-15. As for the second loan, First Horizon offers a signed promissory note executed between it and Magee Excavation in the amount of $1,450,000. *Id.* at 17-19. And for the third loan, First Horizon

IT IS ORDERED that First Horizon's motion for partial summary judgment is GRANTED.

New Orleans, Louisiana, this 17th day of August, 2023.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE

---

submits a signed promissory note executed between it and Magee Excavation in the amount of $500,000. *Id.* at 21-22. First Horizon has also provided signed guaranty agreements executed between it and the Guarantors, wherein they obligate themselves to discharge all of Magee Excavation's indebtedness to First Horizon. *Id.* at 24-37. Additionally, First Horizon points to signed U.S. Small Business Administration unconditional guarantees that Magee Development, Magee Builders, and Skip Magee executed in favor of the bank on the $3,150,000 loan. *Id.* at 39-53. The apparent indebtedness of the Borrowers and Guarantors is further supported by the sworn declaration of Sydney R. Gibbs, senior vice president of special assets at First Horizon. *Id.* at 1-8. "In a suit for [the] collection of a promissory note under Louisiana law, the plaintiff establishes a *prima facie* case by establishing that the defendant executed the note and by producing the note." *Bank of Am., N.A. v. World of Smiles*, 2017 WL 750400, at *6 (E.D. La. Feb. 27, 2017) (citing *Am. Bank v. Saxena*, 553 So. 2d 836, 842 (La. 1989)). Once the notes have been produced and the signatures proven or admitted, the burden then shifts to the defendant to establish a defense. *See Saxena*, 553 So. 2d at 842 ("When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."). "This same rule applies to an action to enforce a guaranty." *World of Smiles*, 2017 WL 750400, at *6. First Horizon has produced the notes and guaranty agreements, and the Borrowers and guarantors (Guarantors plus Magee Development) have not disputed their signatures on those documents. *See Saxena*, 553 So. 2d at 842 ("Saxena has not denied his signatures on the instruments being sued upon and they are thus admitted."). And, because they have failed to oppose First Horizon's motion, the Borrowers and guarantors have necessarily neglected to raise a defense to First Horizon's *prima facie* case. Thus, summary judgment in favor of First Horizon on its claims to enforce the promissory notes and guaranty agreements is proper.