UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESTERN SURETY COMPANY | CIVIL ACTION |
| VERSUS | NO. 23-1097 |
| MAGEE EXCAVATION & DEVELOPMENT, LLC, *et al.* | SECTION M (2) |

### ORDER

Considering the unopposed[1] motion of intervenor-plaintiff First Horizon Bank ("First Horizon") for entry of final judgment (R. Doc. 105),

IT IS ORDERED that the motion is GRANTED. The Court certifies its August 17, 2023 Order & Reasons (R. Doc. 104) as a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure as to counts 1 through 4 of First Horizon's complaint against Magee and as to which there is no just reason for delay.[2]

New Orleans, Louisiana, this 19th day of October, 2023.

                                                                                            BARRY W. ASHE
                                                                                            UNITED STATES DISTRICT JUDGE

---

[1] The motion was set for submission on October 19, 2023. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance October 11, 2023. Defendants Magee Excavation & Development, LLC; Magee Equipment, LLC; Magee Development, LLC; Magee Builders, LLC; and Skip C. Magee (collectively, "Magee"), who are represented by counsel, did not file any opposition to the motion.

[2] Rule 54(b) states that "[w]hen an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Thus, to enter a final judgment under Rule 54(b), a district court must make two separate findings. First, the court must determine that the order constitutes a "final judgment" as to one or more "claims or parties." The claims at issue must be separate and distinct from the rest of the case. *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740-41 (5th Cir. 2000). Second, the court must determine that "there is no just reason for delay." As stated by First Horizon, the Court granted partial summary judgment in favor of First Horizon as to counts 1 through 4 of its complaint-in-intervention. R. Doc. 104. Those claims are separate and distinct from First Horizon's remaining claims – counts 5 and 6. First Horizon's counts 1 through 4 are also separate and distinct from the claims asserted by plaintiff Western Surety Company. As to the second requirement, the Court finds that there is no just reason to delay entry of final judgment.