UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESTERN SURETY COMPANY | CIVIL ACTION |
| VERSUS | NO. 23-1097 |
| MAGEE EXCAVATION & DEVELOPMENT, LLC, *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion of intervenor First Horizon Bank ("First Horizon") to fix the amount of attorney's fees and costs it is entitled to recover.[1] The motion was set for submission on November 30, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance November 22, 2023. Defendants Magee Excavation & Development, LLC ("Magee Excavation"), Magee Equipment, LLC ("Magee Equipment"), Magee Development, LLC ("Magee Development"), Magee Builders, LLC ("Magee Builders"), and Skip C. Magee, who are represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 127.
[2] R. Doc. 101-5.
[3] This matter arises out of Western Surety Company's issuance of performance and payment bonds to Magee Excavation for public construction projects located throughout southeastern Louisiana. First Horizon intervened in the action, alleging that Magee Excavation and Magee Equipment (the "Borrowers") defaulted on three separate loans (the "Loans") the bank issued to them, evidenced by promissory notes, and that Magee Development, Magee Builders, and Skip Magee (the "Guarantors") are each in default on the guaranty agreements they executed to secure the Loans. R. Doc. 56 at 3, 10-11. First Horizon asserted claims for breach of the loan and guarantee agreements against the Borrowers and Guarantors and moved for partial summary judgment on those counts. R. Doc. 101. The Court granted the motion and then entered a final judgment on October 25, 2023, in favor of First Horizon and against the Borrowers and Guarantors. R. Docs. 104; 116. First Horizon then filed the instant motion to fix attorney's fees and costs. First Horizon claims that the notes and guaranty agreements allow it to recover its attorney's fees. A review of the notes (R. Doc. 101-2 at 12, 17-18, 21-22) and guaranty agreements (R. Doc. 101-2 at 24-27, 29-32, 34-37; *see also* R. Doc. 101-2 at 41, 46, 51) shows that they provide the lender the right to recover reasonable attorney's fees and costs.

IT IS ORDERED that First Horizon's motion is GRANTED.

---

In calculating the appropriate fee, "the 'lodestar' calculation is the most useful starting point." *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, 838 F. Supp. 2d 516, 518 (E.D. La. 2012) (quotation omitted). That is, a court must determine the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). As the party requesting fees, First Horizon bears the burden of establishing the reasonableness of the fees and costs it requests by submitting adequate documentation. *Who Dat Yat Chat*, 838 F. Supp. 2d at 518. "After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended 'by affidavit or brief with sufficient specificity to give fee applicants notice' of the objections." *Id.* at 519 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). Here, First Horizon requests $43,720.53 in attorney's fees and $473.74 in costs as to each of the three loans, totaling $132,582.81.

According to the billing records submitted, First Horizon was represented in this litigation by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson"), with three shareholders – Lacey Rochester, Justin Sveadas, and Erno Lindner – performing most of the work. In the exercise of billing judgment, Baker Donelson reduced shareholder Zach Bancroft's hourly rate of $665 to $450 and agreed to grant a 15% discount on all other rates. Also excluded from the requested fees are all fees billed after September 15, 2023, which Baker Donelson claims exceed $7,000. While an attorney's affidavit alone cannot support a rate's reasonableness, courts in the Fifth Circuit also employ their "'own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'" *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 702 n.1 (E.D. La. 2009) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Although at the higher end of rates typically allowed in this district, the Court finds that the rates are reasonable. Sveadas, an attorney licensed in Tennessee with 20 years of experience representing banks, financial institutions, and asset-based lenders in loan workouts, seeks $413.83/hour. R. Docs. 127-1 at 6; 127-2 at 66. Lindner, an attorney licensed in Tennessee with 13 years of experience representing secured and unsecured creditors, seeks $361.25/hour. R. Docs. 127-1 at 6; 127-2 at 168-69. Rochester, an attorney licensed in Louisiana with 11 years of experience representing creditors, debtors, and trustees, seeks $303.45/hour. R. Docs. 127-1 at 6-7; 127-2 at 171-73. The rates requested for other employees performing work in this matter are $450 per hour for an attorney with 25 years of experience and who spent less than half an hour on the matter, $252.88 per hour for an associate with two years of bankruptcy experience and who spent 12 hours on this matter, $114.75 per hour for two summer law clerks who spent a combined 5 hours on this matter, and $162.56, $192.10, and $208.25 per hour for three paralegals who spent a combined 35 hours on this matter. Reviewing the case law in this district, the Court finds that these rates are reasonable, especially given the lack of opposition from defendants. *See, e.g.*, *RedHawk Holdings Corp. v. Schreiber*, 2022 WL 65860, at *5 (E.D. La. Jan. 6, 2022) (upon reviewing billing records and considering the plaintiff's lack of opposition, court awarded $295 per hour for an associate with 7 years of experience, $325 per hour for an attorney with 10 years of experience, $425 per hour for an attorney with 30 years of experience, $450 and $470 per hour for attorneys with 40 years of experience in creditor issues, and $170 per hour for a paralegal); *REC Marine Logistics, L.L.C. v. Richard*, 2020 WL 1527766, at *3 (E.D. La. Mar. 27, 2020) (reducing rate of attorney with 13 years' experience from $450/hour to $375/hour); *United States ex rel. McNeil v. Jolly*, 451 F. Supp. 3d 657, 675 (E.D. La. 2020) (awarding attorney's fees at the requested rate of $450 per hour for an attorney with over 25 years of experience but reducing the requested rate from $300 to $250/hour for a 7-year attorney with 4 years of experience in this kind of case). Additionally, "[t]he [fee] applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (internal citation omitted). The Court is satisfied that the time entries in the invoices reflect a sufficient level of detail and description about the number of hours charged and the nature of the services rendered. The Court also finds that Baker Donelson exercised a sufficient degree of billing judgment. Therefore, the Court awards First Horizon the lodestar amount of $131,161.58 in attorney's fees, to be split equally between the three notes.

With respect to costs, First Horizon seeks standard and relatively minor costs for access to records, UCC searches, delivery services, printing, encrypted flash drives, and professional service fees. The Court finds these costs, which total $1,421.23, to be necessary and reasonable. Therefore, the Court awards First Horizon this amount pursuant to the cost-shifting provisions of the notes and guaranty agreements, to be split equally between the three notes.

IT IS FURTHER ORDERED that Magee Excavation, Magee Equipment, Magee Builders, Magee Development, and Mr. Magee are liable to First Horizon, *in solido*, in accordance with the $3,150,000 Note, for attorney's fees totaling $43,720.53 and costs totaling $473.74.

IT IS FURTHER ORDERED that Magee Excavation, Magee Equipment, Magee Builders, and Mr. Magee are liable to First Horizon, *in solido*, in accordance with the $1,450,000 Note, for attorney's fees totaling $43,720.53 and costs totaling $473.74.

IT IS FURTHER ORDERED that Magee Excavation, Magee Equipment, Magee Builders, and Mr. Magee are liable to First Horizon, *in solido*, in accordance with the $500,000 Note, for attorney's fees totaling $43,720.53 and costs totaling $473.74.

New Orleans, Louisiana, this 28th day of November, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

3